If I may reserve five minutes for rebuttal. Good afternoon, Your Honors. May it please the Court. No, I don't think we need 20 minutes on these cases. Okay. Let's cut it down to nine minutes and 45 seconds, all right? Okay. You got a deal. Fine. Let's do it. My name is Harry Steinberg. I'm with the law firm of Lester Schwab, Katz, & Dwyer. We represent Elizabeth Latshaw, who is coming to this Court seeking justice. The justice that she is seeking is a reversal of the order which denied her motion to vacate her Rule 68 acceptance. There are no set of facts. Looking at the facts as they're presented here, she was abandoned by her counsel. She was lied to by her counsel.  Well, she may have recourse against her counsel, but before she does that, she has to mitigate her damages. She can't just go sue her counsel without making some effort to undo the harm that her counsel did. Well, you made some effort already. Well — The judge denied it. Well, we — the judge did deny it. And we think he abused his discretion in doing so because he didn't look at the facts. He didn't look at the law. He didn't apply the facts to the law the way they should have been. The judge paid no attention to the fact that Ms. Latshaw was falsely told that she would have to pay attorney's fees if she didn't prevail more than the amount offered her. The Court doesn't have an interest in encouraging buyer's remorse. It's not a question of buyer's remorse. It is, because you're saying that she didn't — no question that she signed the paper. She signed the paper. But she changed her mind afterwards. For whatever reason, she changed her mind. And why is it in the court's interest to permit someone to change their mind? She signed — well, because it's a matter of justice here. The courts have held that — Justice can be obtained against the counsel who is responsible for this. Well, maybe it can and maybe it can't. I mean, if there was no malpractice insurance, then it can't be. But the bottom line is this. Was there malpractice insurance? What if there isn't? I mean, I don't know. I mean, there may be, there may not be. Ask them. Okay. Or hire an attorney that has malpractice insurance. Well, you know, they should have hired an attorney, period, not this person. But the bottom line is that in the community dental service case, this Court held that default should be vacated where counsel — Stop right there. There's no default here. Well, it's — It's enormously different from a default situation, because your client signed a piece of paper, dismissed her claim. She signed — well, look, here's a hypothetical I thought up coming here. I'll give you the hypothetical, but give me a question first or possibly an answer to a question. I know about default cases. Is there any case not involving a default judgment, any case involving a party, a client who signs a paper where that party is allowed to change her mind later? Not that I could find. Where the Court sets aside the judgment. Not that I could find. But here's my hypothetical. Isn't that your problem? Assume the judge is presented with a Rule 68 acceptance and it's signed by the client and underneath the client says, my children are being held hostage unless I sign this. That's an extreme example, okay? It's a very extreme example. But we know that people who are coerced into signing a contract can later come back and undo that contract. But the defendant's not accused of any coercion or misconduct at all. But it doesn't matter. It's the appearance of impropriety that's at stake here. In community dental service, this Court held that when somebody is denied injustice, when somebody is denied access to the courts in a way that demeans the whole justice process, and that's what happened here. The whole process was undermined. The whole process was destroyed by the way counsel acted in this case. Counsel basically threatened her own client. And what this Court is supposed to do is to protect people. It's not supposed to – you know, I copied Federal Rule of Civil Procedure 1. Nobody ever cites that, I bet. But the last sentence, the rules, they shall be construed and administered to secure the just, speedy, and inexpensive determination of every action. Just. That's what we're looking for here. But not speedy. That's for speedy. Well. But counsel, part of the justice system is the fact that you've got a malpractice action against the lawyer. That's true. But the bottom line is that the malpractice action may prove to be a hollow victory. And the other part of this thing is that we're dealing here with a large entity that has basically, the plaintiff's allegations are, screwed her, to be blunt. They took her money. They had an agreement as to how they should handle her money, and then they didn't do it that way. They took a million-six and ran it down to 800,000 by not following her instructions. And your client was so convinced of that that she settled her claim for $15,000. She was terrorized by her own counsel. But she doesn't pay attorney's fees unless she loses. Unless she loses. Well, so she's not so convinced that she's going to win. But her lawyer said, the two of us are abandoning you. We're leaving you. Now, we know that can't happen. A lawyer can't walk away from a client's litigation without a motion to withdraw. She didn't say that. She thought that here we are, I'm going to be, I have this case pending and I have no lawyers, and if I lose, then I am going to have to. Counsel, your client had a million and a half dollars with these folks. She's not an unsophisticated person. She is. This is a substantial amount of money. There are people who have made some money in the stock market who are not as sophisticated as we might think. She was unsophisticated in the law. She was unsophisticated in managing some of her affairs. But the bottom line is that she was basically pushed out of court by her own counsel. This is not a question of buyer's remorse. You know, I want to buy this car, and no, no, I want something fancier or something bigger or something smaller. This is a question of somebody who had no choice but to who was forced by her counsel. And I don't think the default cases are that much different. This was, in effect, a default. She signed this agreement not knowing what she was doing. I mean, it's, for example, what if she were able to prove that she was under duress or she was mentally incapacitated when she signed this thing. I'm not saying she was mentally incapacitated, but I'm saying there are many reasons to vacate a, what would appear to be a voluntary signed order when there is the level of duress that plaintiff was put through by her own counsel. We understand your argument fully. Let's hear from the other side. Good afternoon, Your Honors. Robert Weber of DLA, Piper Rudnick, Gray-Curie, on behalf of the defendants. May it please the Court. I don't mean to be too presumptuous, but I think I'm going to throw out my script because Judge Clifton seems to be reading from it. There are a couple points that I think are important. You wouldn't be presumptuous about that either, would you? Forgive me. You can be nasty to anybody, so. Forgive me, Your Honor. What I didn't hear from opposing counsel is any indication of abusive discretion by the district court. And that's really the standard for review here, whether there was abusive discretion. What's happening here, I believe, is that the opposing counsel is just attempting to consider the conduct that was alleged and determined that it wasn't extraordinary and it did not merit the vacating the judgment below. This Court has often noted that there's a compelling interest in the finality of judgments which should not be lightly regarded. And I believe that that is the case here. As admitted by opposing counsel, there is no case where a litigant who won a case, who won money, has been able to come back in, vacate the judgment in her favor by claiming some sort of misconduct on behalf of her attorney. There are also a number of cases within this circuit that have stated that, generally speaking, a judgment cannot be vacated pursuant to Rule 60B because of the malpractice of counsel. What counsel seeks to do here is visit the sins of one party's counsel upon my clients, and that's just really not appropriate here. I'll just quickly summarize again. The three prongs of Rule 60 which were claimed to merit vacating the judgment here simply haven't been addressed. The first is mistake. For a rule that was managing the lady's money, right? That's correct. I thought they had these arbitration deals going. The management agreement in this particular situation did not have an arbitration clause. I can tell you that, subsequently, this company does have arbitration clauses within its management agreements to avoid this sort of situation. The mistake that needs to be shown in order to vacate an acceptance of a Rule 68 offer pursuant to Rule 60 is a mistake that was mutual by the parties and a mistake that concerned the terms of the offer. Neither of those things were present here. The fraud that needs to be shown under Subsection 3 of Rule 60 to vacate an acceptance of an offer of judgment is a fraud upon the court, which is something that would improperly affect, improperly attempt to influence the decision of the court in making its decision. We understand all that. You covered that in your brief. Okay, Your Honor. Well, if you have no further questions for me, I'm willing to submit on my brief. All right. Any rebuttal? I'll take my 45 seconds, Your Honor, and point out this Court's decision in TCI Group Life, which involved, by the way, a unilateral mistake, and it also talked that finality should be – should take a back seat to the need to do justice. Finality is not that important when you have somebody who has basically been treated by her own counsel and by the system the way she has been treated. Thank you very much, Your Honor. Thank you very much. I appreciate the argument.
judges: Pregerson, Clifton, Bybee